UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW JERSEY
---------------------------------------------------------------X   Docket No. 24-CV-631 (JMF)
YEIRO JOSE ABREU BAUTISTA,

                Plaintiff,

  -against-                                  **~~PROPOSED~~**
                                                **CONFIDENTIALITY ORDER**

ANGEL LUIS PAGAN-RODRIGUEZ, PFG Transco,
INC. and RYDER TRUCK RENTAL INC.,

                Defendants

------------------------------------------------------------- X
ANGEL LUIS PAGAN-RODRIGUEZ,
PFG TRANSCO, INC., and
RYDER TRUCK RENTAL INC.,

                Third-Party Plaintiffs


JULIO A MONSERRATE RIVERA,

                Third-Party Defendant

------------------------------------------------------------- X
JULIO A MONSERRATE RIVERA

                Plaintiff,

  -against-

ANGEL LUIS PAGAN-RODRIGUEZ,
KENNETH O. LESTER COMPANY, INC.,
PFG TRANSCO, INC., and
RYDER TRUCK RENTAL INC.

                Defendants.
---------------------------------------------------------------X

> *This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).*

JESSE M. FURMAN, United States District Judge:

       IN ORDER TO PRESERVE the confidentiality of information contained in documents

produced by Angel Luis Pagan-Rodriguez, Kenneth O. Lester Company, Inc., PFG Transco, Inc.,

and Ryder Truck Rental Inc., in the above captioned litigation, and pursuant to this Court's Order dated April 22, 2024, it is Ordered, as follows:

1. Counsel for Angel Luis Pagan-Rodriguez, Kenneth O. Lester Company, Inc., PFG Transco, Inc., and Ryder Truck Rental Inc., identified or designated the following as "confidential information" which is to be considered confidential and within the scope of this Confidentiality Agreement:

- Dash Cam camera footage.
- Any policies, procedures, guidelines or manuals regarding safe operation of the tractor trailer in use by defendants at the time of the collision.

2. For purposes of this Confidentiality Order Robert L. Astrachan, Esq. of Carrion Accident & Injury Attorneys, PLLC, counsel for plaintiff Julio A. Monserrate Rivera; JoAn E. Abreu, Esq. of Cannon & Acosta, counsel for plaintiff Yeiro Jose Abreu Bautista; and counsel who may appear for third-party defendant Julio A Monserrate Rivera, are hereinafter referred to as "receiving attorneys."

3. All materials described in Paragraph 1 herein as "confidential information" shall be maintained in strict confidence by the receiving attorneys and used solely in the preparation for trial of the above referenced action.

4. Said "confidential information" shall not be used by anyone for any business or other purposes whatsoever.

5. The "receiving attorneys" are directed to keep the Confidential Information in confidence, and to prevent its disclosure to any third party, other than duly appointed agents involved in the analysis of the information relative to the pending litigation.

6. The "receiving attorneys" are directed not to duplicate this document, via a photocopy machine or any other copying device, except as it relates to use in this litigation.

7. The obligations of non-disclosure under this Agreement shall survive the return of the "confidential information" by the "receiving attorneys" under this provision.

8. Subject to the Rules of Evidence, the issue of whether "confidential information" described herein, is to be publicly offered into evidence at trial or in connection with motion practice, or marked and separately filed under seal with the clerk of the court, is subject to a further application to the Court as to whether further protection is warranted in light of the presumption in favor of public access to judicial documents.

9. No part of the restrictions imposed by this Confidentiality Agreement may be terminated, except by further Order of this Court, for good cause shown. The final determination or settlement of this action shall not relieve any person who has received such "confidential information" from the obligations imposed by this Order, and the Court shall retain jurisdiction after such final determination or settlement for the limited purpose of enforcing the provisions of this Confidentiality Order.

10. Upon final conclusion of this matter, all "confidential information" and copies thereof shall be returned to the Law Offices of Jon C. Lane, counsel for the producing party, provided, however, that at the option of the producing party, the receiving party shall destroy all "confidential information" and copies thereof, and provide a certification that such destruction was performed. All abstracts, charts, summaries, notes or memoranda embodying the "confidential information" shall be destroyed by the receiving party, who shall provide a certification that such destruction was performed.

Dated: April 26, 2024

SO ORDERED.

_____
JESSE M. FURMAN
United States District Judge